# Exhibit "A"

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-3653-14-E

| | | |
|---|---|---|
| RAJA NICOLAS SALAMEH, M.D. | § § § | IN THE 275th DISTRICT COURT |
| VS. | § § | OF |
| MCALLEN MEDICAL CENTER, INC. YURI BERMUDEZ and ELMO LOPEZ | § § § | HIDALGO COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTIVE RELIEF**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, RAJA NICOLAS SALAMEH, M.D. (hereinafter "Plaintiff"), files this original petition and application for temporary restraining order against Defendants, MCALLEN MEDICAL CENTER, INC. (hereinafter MMC or "the hospital"), Yuri Bermudez and Elmo Lopez, and alleges as follows:

### DISCOVERY-CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Texas Rule of Civil Procedure. Plaintiff affirmatively pleads that he seeks injunctive relief.

### PARTIES

2. Plaintiff RAJA NICOLAS SALAMEH, M.D. is an individual doing business in Hidalgo County, Texas at 1801 S. 5th Street, Suite 104, McAllen, Texas 78503.

3. Defendant MCALLEN MEDICAL CENTER is a hospital doing business in Hidalgo County, Texas, and may be served with citation by serving Elmo Lopez, CEO, McAllen Medical Center, 301 West Expressway 83, McAllen, Texas 78503 or wherever said agent may be found.

DATE 4-28-14
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
BY_____ Deputy #10

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3653-14-E

4. Defendant Yuri Bermudez is an individual doing business in Hidalgo County, Texas, and may be served with citation at his place of business McAllen Medical Center, 301 West Expressway 83, McAllen, Texas 78503.

5. Defendant Elmo Lopez is an individual doing business in Hidalgo County, Texas, and may be served with citation at his place of business McAllen Medical Center, 301 West Expressway 83, McAllen, Texas 78503.

## JURISDICTION

6. The court has personal jurisdiction over the Defendants who are individuals and a corporation doing business in Hidalgo County, Texas.

7. This court has jurisdiction according to §65.021 of the Texas Civil Practice & Remedies Code. Further, the court has subject matter jurisdiction over the matters in controversy as they involve questions of Texas state law.

## VENUE

8. Venue is proper in Hidalgo County, Texas because the matters in dispute occurred in Hidalgo County, Texas and the imminent harm from which Plaintiff is seeking protection will occur as a result of conduct occurring in Hidalgo County, Texas.

## FACTS

9. Plaintiff is a physician who possesses clinical privileges at McAllen Medical Center. On March 12, 2014, McAllen Medical Center, acting through its agents, Yuri Bermudez and Elmo Lopez, summarily suspended Plaintiff's privileges. On March 17, 2014, Yuri Bermudez, Chief of Staff for McAllen Medical Center served Plaintiff with a Notice of Summary Suspension. The parties conferred on March 20, 2014. On March 28, 2014 McAllen Medical Center re-iterated the summary suspension.

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3653-14-E

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

10. Plaintiff's application for a temporary restraining order is authorized by Tex. Civ. Prac. & Rem. Code §65.011(1) and (5) and made pursuant to Rule 680 of the Texas Rules of Civil Procedure. Plaintiff is entitled to relief to restrain Defendants from performing an act prejudicial to the Plaintiff and that will result in irreparable injury to Plaintiff's reputation and property rights if the acts are performed.

11. Plaintiff asks the Court to restrain Defendants, their agents and employees from suspending his privileges at McAllen Medical Center and reporting and/or publishing the summary suspension to third parties, including but not limited to the National Practitioner's Data Bank and Texas Medical Board. Defendants did not have a legitimate basis to summarily suspend Defendant's privileges.

12. As a result Defendant has been harmed in that he cannot practice medicine at the hospital and the indefinite suspension will be reported to the Texas Medical Board and the National Practitioner's Data Bank (hereinafter referred to as "The Data Bank") if the suspension is in place for more than 30 days. The thirtieth day expires Thursday, April 10, 2014. As a result of Defendants' actions Plaintiff has been deprived his property rights in his medical privileges at the hospital and his ability to conduct his medical practice at the hospital thereby subjecting him to monetary damages. Furthermore, Plaintiff will be subjected to additional harm by the reporting of the suspension to the Texas Medical Board and National Practitioner's Data Bank.

13. The Data Bank is a national repository for adverse licensing and credentialing reports pertaining to physicians. The data maintained by The Data Bank is accessible by other hospitals, state medical boards, federal licensing and certification agencies, health plans

3

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3653-14-E

and even plaintiff attorneys in certain situations. A report to The Data Bank pertaining to Plaintiff will adversely affect him in the following respects: 1) his ability to obtain privileges at other healthcare facilities, 2) his current medical license in Texas, 3) his ability to obtain a medical license in another state, 4) his licensing and certification through federal agencies, such as CMS, and 5) his participation in healthcare plans, such as commercial insurance carriers.

14. It is probable that Plaintiff will recover from Defendants after a trial on the merits because Defendants deprived Plaintiff of his due process rights and deprived him of his property rights in his medical privileges by summarily suspending his privileges without proper justification.

15. If Plaintiff's application is not granted, harm is imminent because the suspension will be reported to The Data Bank and the Texas Medical Board after the expiration of 30 days from the date the suspension was imposed.

16. The harm that will result if the temporary restraining order is not issued is irreparable because the reporting of the suspension to the Data Bank will adversely affect Plaintiff's privileges or ability to obtain privileges at other hospitals, his contracts with health care plans to be a provider or his ability to obtain a contract with other health care plans.

17. Plaintiff has no adequate remedy at law because time is of the essence. Plaintiff has insufficient time to stop the suspension and reporting to The Data Bank and the Texas Medical Board before the irreparable harm is caused.

18. Plaintiff is willing to post bond.

19. There is not enough time to serve notice on Defendants and to hold a hearing on this application. The irreparable harm will occur on Friday, April 11, 2014 if a temporary

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3653-14-E

restraining order is not imposed before Friday. Plaintiff must obtain the restraining order and serve Defendants by this Thursday, April 10, 2014.

## REQUEST FOR TEMPORARY INJUNCTION

20. Plaintiff asks the Court to set his application for temporary injunction for a hearing and, after the hearing, issue a temporary injunction against Defendants.

21. The purpose of a temporary injunction is to preserve the status quo of the litigation subject matter pending trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction, the applicant must ordinarily plead and prove the following three elements: 1) a cause of action against the defendant; 2) a probably right to the relief sought, 3) a probable imminent and irreparable injury in the interim. *Walling v. Metcalfe*, 863 S.W.2d 56, 58 (Tex. 1993).

22. Plaintiff has joined all indispensable parties under Texas Rule of Civil Procedure 39.

## COUNT 1 – VIOLATION OF HEALTH CARE QUALITY IMPROVEMENT ACT

23. The Health Care Quality improvement Act (hereinafter "HCQIA") governs hospitals' professional review activities. 42 U.S.C. §11101, *et seq*. It also mandates the reporting of professional review actions that adversely affect the clinical privileges of a physician for a period longer than 30 days. 42 U.S.C. §11133(a). The HCQIA mandates standards for professional review actions ensuring that physicians are afforded due process. 42 U.S.C. §11112. The HCQIA permits immediate suspension only if the failure to take action may result in an imminent danger to the health of any individual. *Id.* This provision is to be used only for extraordinary circumstances, not in the face of medical disputes that may or may not rise to the level of medical negligence.

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3653-14-E

24. Defendants summarily suspended Plaintiff as a result of a medical complication that occurred in connection with a procedure performed at the hospital. The medical complication had been previously disclosed as the type that could potentially occur with the type of procedure that was performed and consent was obtained.

25. Defendants retroactively instated the suspension and failed to notify Plaintiff in a timely manner of the suspension.

## COUNT 2 – DEFAMATION

26. To maintain a defamation action, a plaintiff must prove that the defendant (1) published a statement of fact; (2) that was defamatory concerning the plaintiff; (3) while acting with negligence regarding the truth of the statement. Tex. Civil Practice & Remedies Code § 73.001.

27. Defendants have published or will publish a statement of fact that is defamatory concerning Plaintiff with negligence regarding the truth of the statement. By summarily suspending Plaintiff, Defendants have published and intend to further publish a statement that Plaintiff poses an imminent threat of harm to patients of McAllen Medical Center without investigating the truth of that statement before depriving the Plaintiff of his hospital privileges.

## COUNT 3 – VIOLATION OF CONSTITUTIONAL RIGHTS

28. Defendants deprived Plaintiff of his property rights without due process of law in violation of Amendment V of the United States Constitution. Plaintiff maintained property rights in his medical privileges at the hospital and those rights were summarily taken without adequate notice and hearing and the protections afforded with due process of law.

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3653-14-E

## JURY DEMAND

29. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

30. For these reasons, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff be awarded a judgment against Defendants for the following:

    (a) Temporary restraining order;

    (b) Temporary injunction;

    (c) Actual damages;

    (d) Prejudgment and postjudgment interest;

    (e) Court costs;

    (f) All other relief to which Plaintiff is entitled.

Respectfully submitted,

Vidaurri, Lyde, Rodriguez & Haynes, LLP.
202 N. 10th Avenue
Edinburg, Texas 78541
(956) 381-6602
(956) 381-0725 Fax

BY: _____
JOHN R. LYDE
State Bar No. 12712700
TAMARA L. RODRIGUEZ
State Bar No. 00791647
ATTORNEYS FOR PLAINTIFF,
RAJA NICOLAS SALAMEH, M.D.

Electronically Filed
4/9/2014 4:32:38 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

CAUSE NO. C-3653-14-E

| | | |
|---|---|---|
| RAJA NICOLAS SALAMEH, M.D. | § § § § | IN THE ____ DISTRICT COURT |
| VS. | § § | OF |
| MCALLEN MEDICAL CENTER, INC. YURI BERMUDEZ and ELMO LOPEZ | § § | HIDALGO COUNTY, TEXAS |

## VERIFICATION

STATE OF TEXAS §
HIDALGO COUNTY §

Before me, the undersigned notary, on this day personally appeared Raja Nicolas Salameh, M.D., the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Raja Nicolas Salameh, M.D. I am capable of making this verification. I have read Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunctive Relief. The facts stated in it are within my personal knowledge and are true and correct."

_____
Raja Nicolas Salameh, M.D.

Sworn to and subscribed before me by Raja Nicolas Salameh, M.D. on April 9, 2014.

IRENE TORRES
MY COMMISSION EXPIRES
December 28, 2015

_____
Notary Public in and for
the State of Texas
My commission expires: 12/28/2015



# VIDAURRI, LYDE, RODRIGUEZ & HAYNES, L.L.P.

JOHN R. LYDE
PARTNER

202 N. 10TH AVE.
EDINBURG, TEXAS 78541
TEL: (956) 381-6602
FAX: (956) 381-0725
WWW.VLRHLAW.COM

April 9, 2014

**VIA EFILE**
Ms. Laura Hinojosa
Hidalgo County District Clerk
Hidalgo County, Texas
100 N. Closner
Edinburg, Texas 78539

RE: Cause No.: _____; *Raja Nicolas Salameh, M.D. v. McAllen Medical Center, Inc., Yuri Bermudez and Elmo Lopez*; in the _____ Judicial District Court, Hidalgo County, Texas

Dear Ms. Hinojosa:

Enclosed for filing in the above referenced matter are the following documents:

1. Plaintiff's Original Petition and Application for Temporary Restraining Order and Temporary Injunctive Relief; and
2. Temporary Restraining Order and Order Setting Hearing for Temporary Injunction.

Please forward the Temporary Restraining Order to the court so that a hearing date may be set.

Payment of the jury fee and filing fees will be charged to our account in accordance with the terms and conditions as outlined with the electronic filing service provider.

Sincerely,

John R. Lyde

JRL:ijt
Enclosures

SAN ANTONIO OFFICE
ONE ALAMO CENTER
106 S. ST. MARY'S STREET, STE. 230
SAN ANTONIO, TEXAS 78205
TEL: (210) 922-8541
FAX: (210) 922-8547

CAUSE NO. C-3653-14-E

275TH DISTRICT COURT, HIDALGO COUNTY, TEXAS

CITATION

FILED AT 3:58 O'CLOCK P.M.
APR 10 2014
LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy#9

**NOTICE TO DEFENDANT:** You have been sued, you may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

**ELMO LOPEZ**
**301 WEST EXPRESSWAY 83**
**MCALLEN, TEXAS 78503**

You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND TEMPORARY INJUNCTIVE RELIEF**, on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the **Honorable Juan Partida 275th District Court** of Hidalgo County, Texas at the Courthouse at 100 North Closner, Edinburg, Texas 78539.

Said Petition was filed on this the 9th day of April, 2014, and a copy of same accompanies this citation. The file number and style of said suit being **C-3653-14-E** and styled **RAJA NICOLAS SALAMEH, M.D. VS. MCALLEN MEDICAL CENTER, INC., YURI BERMUDEZ, ELMO LOPEZ**.

Said Petition was filed in said court by attorney John R. Lyde whose address is 202 N. 10th Avenue, Edinburg, Texas 78541.

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** of said Court at Edinburg, Texas on this the 10th day of April, 2014.

**LAURA HINOJOSA, DISTRICT CLERK**
**HIDALGO COUNTY, TEXAS**

_signature_
**JOSEPH GONZALEZ, DEPUTY CLERK**

DATE 4-28-14
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy#10

C-3653-14-E
OFFICER'S RETURN

Came to hand on __10__ of __April__, 201_4_ at _11:30_ o'clock _p_.m. and executed in _Hidalgo_ County, Texas by delivering to each of the within named defendant in person, a true copy of this citation, upon which I endorsed the date of delivery to said Defendant together with the accompanying copy of the petition at the following times and places, to-wit:

(1) Notice to show cause Temporary Restraining Order

| NAME | DATE | TIME | PLACE |
|---|---|---|---|
| ELMO LOPEZ | 4-10-14 | 1:00 pm | 301 W. Expressway 83, McAllen TX 78503 |

And not executed as to the defendant, _____ the diligence used in finding said defendant, being: _____ and the cause of failure to execute this process is: _____ and the information received as to the whereabouts of said defendant, being: _____. I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

Fees:  serving ... copy(s) $_____
        miles ...................$_____

_____
DEPUTY

**COMPLETE IF YOU ARE PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance to Rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return. If the return is signed by a person other than a sheriff, constable or clerk of the court, the return must either be verified or be signed under the penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is __Nick Andrew Garza__, my date of birth is __2-1-1974__ and the address is __106 S-12th Ave #118, Edinburg TX__, and I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED in __Hidalgo__ County, State of Texas, on the __10__ day of __April__, 201_4_.

_____
Declarant

SCH-3854   05-31-14
If Certified by the Supreme Court of Texas
Date of Expiration / SCH Number